**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50509
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FRANK RENTERIA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-75-1
--------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Frank Renteria appeals from his jury-verdict conviction for
conspiracy to possess with intent to distribute methamphetamine
and conspiracy to possess with intent to distribute marijuana.
He argues that:  (1) the jury instructions improperly conflated
the intent elements for both conspiracy counts; (2) the evidence
produced at trial was insufficient to support his conviction for
the methamphetamine count; (3) the district court improperly
influenced the jury's verdict; and (4) the district court erred

--------

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by admitting an audio tape containing a telephone conversation between himself and an informant.

As Renteria did not object to the jury instructions or submit a proposed jury instruction as to the intent element, this issue is reviewed only for plain error. See United States v. Martin, 332 F.3d 827, 834 (5th Cir. 2003). Examination of the jury instructions does not reveal plain error as to the intent element. As Renteria did not move for a judgment of acquittal at the end of the Government's case or at the close of all evidence, his challenge to the sufficiency of the evidence "is reviewed only to determine if the defendant's conviction constitutes a manifest miscarriage of justice." United States v. Griffin, 324 F.3d 330, 356 (5th Cir. 2003)(citation omitted). When viewed in the light most favorable to the jury's verdict, the evidence produced at trial was sufficient to establish all of the required elements for Renteria's conviction on the methamphetamine count.

Renteria's allegations that the district court imposed a one-day limit for his criminal trial and responded erroneously to one of the jury's notes during its deliberations lack factual merit. Furthermore, because the challenged audio tape was sufficiently authenticated and it was not misleading, Renteria has failed to show that the district court abused its discretion by admitting that audio tape. See United States v. Lance, 875 F.2d 1177, 1181 (5th Cir. 1988); United States v. Branch, 91 F.3d 699, 727-28 (5th Cir. 1996).

Accordingly, the district court's judgment is AFFIRMED.